[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15764
Non-Argument Calendar

_____

D. C. Docket No. 04-00498-CV-OC-10-GRJ

SHAWANDA MURRY,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL, USA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 14, 2007)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

The district court granted the Attorney General summary judgment in

Shawanda Murray's suit for retaliation brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981. The claim is that prison officials retaliated against Murray after she filed an Equal Employment Opportunity ("EEO") complaint. She had previously received "Outstanding" employee evaluations, but after she filed the EEO complaint, her evaluations were lower. In addition, she was temporarily transferred from her position – as cook supervisor at the low security facility of the Federal Correctional Complex at Coleman, Florida – to the institution warehouse. She was also required to submit to psychological and physical fitness-for-duty examinations.

Title VII prohibits discrimination with respect to an employee's "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a). Title VII's retaliation provisions also protect certain kinds of activity. EEOC v. Total Sys. Servs., Inc., 221 F.3d 1171, 1174 (11th Cir. 2000). Under the "opposition clause," an employer may not retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Similarly, under the "participation clause," an employer may not retaliate against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Id.

2

"[T]o establish a prima facie case of retaliation under Title VII, a plaintiff must prove the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). A plaintiff can show participation in a protected activity by demonstrating that she had a subjective, good-faith belief that her employer was engaged in unlawful employment practices and that her belief was objectively reasonable in light of the facts and record presented. Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997).

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta, 212 F.3d at 590 (internal citation omitted). "Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent. When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker." Walker v. Prudential Prop. & Cas. Ins. Co., 286 F.3d 1270, 1274 (11th Cir. 2002) (internal citations omitted).

Once a prima facie case is established, the burden shifts to the employer to

rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action. Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999). If the employer offers legitimate reasons, the presumption of retaliation disappears. Id. The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct. Id.

The district court committed no error in granting summary judgment because Murry did not establish a prima facie case of retaliation. Only her temporary transfer to the institutional warehouse and compulsory fitness-for-duty examinations arguably constituted adverse employment actions. However, she did not establish a causal connection between the filing of her initial EEO complaint and the adverse employment actions. Moreover, the Attorney General established legitimate, non-retaliatory reasons for her transfer and fitness-for-duty examinations. Based on Murry's outbursts and in light of her statements regarding her brain tumor, the warden was legitimately concerned that she could no longer perform her job duties. Murry failed to offer any evidence to show that the Attorney General's stated reasons were pretextual.

**AFFIRMED.**

4