NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHAWANDA R. MURRY,**
*Petitioner,*

v.

**DEPARTMENT OF JUSTICE,**
*Respondent.*

---

2010-3117

---

Petition for review of the Merit Systems Protection Board in Case No. AT1221100381-W-1.

---

Decided: December 13, 2010

---

SHAWANDA R. MURRY, of Ocala, Florida, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before LINN, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

Shawanda R. Murry ("Murry") appeals the final judgment of the Merit Systems Protection Board ("MSPB" or "Board"), which dismissed her individual right of action ("IRA") for lack of jurisdiction and because her claims were barred by res judicata. *Murry v. Dep't of Justice*, No. AT1221100381-W-1 (MSPB Mar. 19, 2010) ("*MSPB IRA Appeal*"). Because the Board's decision was not in error, this court *affirms*.

BACKGROUND

Murry worked as a Cook Supervisor with the Federal Bureau of Prisons, Coleman, Florida (the "Agency"). In January 2003, Murry suffered a compensable injury to her shoulder and was unable to perform the full range of duties after that time. On November 12, 2003, Dr. Christopher Manseau described his treatment of Murry's injury and noted that Murry had permanent lifting restrictions. By letter dated March 31, 2004, the Agency proposed Murry's removal for being medically unable to perform the duties of her position. On August 16, 2004, the Agency sustained the proposal, finding that removal was warranted to promote the efficiency of the service. Murry's removal was effective August 21, 2004.

Murry has filed related appeals with the MSPB and other tribunals. First, Murry filed several appeals with the Equal Employment Opportunity Commission ("EEOC") in which she alleged that she had been subjected to harassment and retaliation. *See Murry v. Gonzales*, No. 5:04-498, 2006 WL 2506963, at *1 (M.D. Fla. Aug. 28, 2006). After a hearing, the EEOC administrative judge determined that Murry did not suffer any discrimination in retaliation for her EEOC complaint. *Id.* at *7.

Murry also filed a claim pursuant to Title VII of the Civil Rights Act of 1964 in the United States District Court for the Middle District of Florida. *Id.* The court granted summary judgment to the Government, finding that Murry had not satisfied her burden of establishing a prima facie case of unlawful retaliation or that the Attorney General's legitimate nondiscriminatory reasons for its actions were pretextual. *Id.* at *14. The Eleventh Circuit Court of Appeals affirmed that decision. *Murry v. Attorney Gen. of the United States*, 233 Fed. App'x 911 (11th Cir. 2007). Second, Murry filed an appeal with the MSPB asserting that her removal constituted discrimination and reprisal for filing her appeal with the EEOC. *Murry v. Dep't of Justice*, No. AT-0752060219-I-1, at 4 (MSPB Apr. 13, 2006) ("*MSPB Removal Appeal*"). The administrative judge issued an initial decision sustaining Murry's removal and Murry did not petition for review to the full Board or to this court. Finally, Murry filed this IRA appeal with the MSPB requesting relief under the Whistleblower Protection Act ("WPA"), 5 U.S.C. §§ 1221(e), 2302(b)(8). In this appeal, Murry alleged that her removal was in retaliation for filing complaints with the EEOC. The administrative judge dismissed the appeal for lack of jurisdiction and res judicata. *MSPB IRA Appeal*, at 3. Murry filed a timely appeal with this court on September 10, 2010. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court's review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. *See, e.g., Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321

(Fed. Cir. 1999). The jurisdiction of the Board is a legal question that this court reviews without deference. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1201, 1212 (Fed. Cir. 2003).

To establish a case of reprisal for whistleblowing in an IRA under 5 U.S.C. § 1221(e)(1), "an employee must demonstrate by a preponderance of the evidence that [her] disclosure is covered by [5 U.S.C. §] 2302(b)(8) and that it was a contributing factor in the personnel action." *Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). Complaints with the EEOC do not constitute protected whistleblower activity under § 2302(b)(8) and cannot support MSPB jurisdiction in an IRA appeal. *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 689-92 (Fed. Cir. 1993). The administrative judge in this case properly found that it did not have jurisdiction over Murry's appeal because her allegations of reprisal for filing complaints with the EEOC "do not arise from the prohibited acts enumerated in 5 U.S.C. § 2302(b)(8)." *MSPB IRA Appeal*, at 3.

In addition to a lack of jurisdiction, the MSPB found that Murry's whistleblower claim was barred for res judicata based on the previously filed *MSPB Removal Appeal. Id.* at 2. The Department of Justice, in response to Murry's appeal, concedes that this finding by the Board was erroneous. Appellee Br. at 8-9. The Board cannot make a decision on merits issues when it is without jurisdiction to hear and decide a case. *Schmittling v. Dep't of Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) ("If it lacks jurisdiction, the Board is without authority to decide the issues presented by a petitioner. The [Board] has only the jurisdiction conferred on it by Congress. This jurisdiction, provided by statute, creates the power of the [Board] to hear and decide a case, i.e., the Board's subject matter jurisdiction." (citations and internal quotation marks

omitted)). Thus, the Board lacked jurisdiction here to render any judgment on Murry's whistleblower claim. However, this error by the Board was harmless. *Id.* ("Without jurisdiction, the Board's decision on the merits of a petition is a nullity.").

For the foregoing reasons, the Board's decision in dismissing Murry's appeal for lack of jurisdiction is *affirmed*.

## AFFIRMED

### COSTS

Each party shall bear its own costs.